

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,438-01

### EX PARTE GREGG BARTHELMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-2182-14-D(1) IN THE 275TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam*. YEARY, J., concurring.

## O R D E R

Applicant was convicted of one count of possession with intent to promote child pornography and fourteen counts of possession of child pornography, and was sentenced to twenty years' imprisonment for the possession with intent to promote count and two years' imprisonment for each of the possession counts. The trial court ordered that the sentences for all counts were to run consecutively. The Thirteenth Court of Appeals affirmed Applicant's conviction. *Barthelman v. State*, No. 13-15-00576-CR (Tex. App. — Corpus Christi - Edinburg Oct. 13, 2016) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial counsel failed to meet with or adequately communicate with Applicant prior to trial, failed to show up for a hearing at which Applicant was charged with additional counts, failed to investigate potential defenses and prepare for trial, and failed to make use of evidence provided to him by Applicant.

The trial court recommends that this application be dismissed as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure. However, this Court finds the application to comply with the requirements of that rule. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit. On June 26, 2020, this Court received a supplemental filing directly from Applicant, in which it appears that Applicant is attempting to submit an additional ground for review. This Court will not consider grounds filed directly here and not filed in the district court. If Applicant wishes to submit additional grounds for review, those grounds must be on the Article 11.07 habeas form, and must be filed in the district court. If supplemental materials are filed in the district court, the district clerk shall immediately forward those filings to this Court.

findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish